1  Stuart Plunkett (State Bar No. 187971)
2  Kathryn Christopherson (State Bar No. 322289)
   ALSTON & BIRD LLP
3  560 Mission Street, Suite 2100
   San Francisco, CA 94105
4  Telephone: (415) 243-1000
   Facsimile: (415) 243-1001
5  stuart.plunkett@alston.com
   kathryn.christopherson@alston.com

7  Attorneys for Defendant
   T-MOBILE USA, INC.

9                    UNITED STATES DISTRICT COURT
10                   NORTHERN DISTRICT OF CALIFORNIA

12 | JAMES ACHERMANN, individually, and on behalf of a class of similarly situated persons, | Case No.: 3:21-cv-8995
   |                                                                                          | (San Francisco County Court Case No. CGC-21-594632)
14 | Plaintiff,                                                                               |
15 | v.                                                                                       | **NOTICE OF REMOVAL OF CIVIL ACTION**
16 | T-MOBILE USA, INC.,                                                                      |
17 | Defendant.                                                                               | Amended Complaint filed in state court: September 20, 2021

# NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant T-Mobile USA, Inc. removes the case captioned *James Achermann v. T-Mobile USA, Inc.*, Case No. CGC-21-594632 from the Superior Court of San Francisco County to the United States District Court for the Northern District of California. T-Mobile provides the following "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87, 89 (2014).

1. On August 19, 2021, Plaintiff James Achermann filed a putative class-action complaint in San Francisco County Superior Court. Plaintiff did not serve the complaint on T-Mobile. On September 20, 2021, Plaintiff filed an amended complaint—attached as Exhibit A—in which he alleges claims under the California Consumer Privacy Act (CCPA) and the California Unfair Competition Law (UCL). Ex. A, Am. Compl. pp. 11–13.

2. This Court has original jurisdiction over this case under the Class Action Fairness Act (CAFA) because (1) there is at least minimal diversity between the parties, (2) the putative class includes more than 100 members, (3) no defendant is a state, state official, or other governmental entity, (4) the amount in controversy exceeds $5 million, exclusive of interest and costs, and (5) none of CAFA's exceptions applies. *See* 28 U.S.C. § 1332(d). T-Mobile has also complied with all other removal requirements.

## BACKGROUND

3. Plaintiff alleges that he is a T-Mobile customer. Ex. A, Am. Compl. ¶ 6. According to Plaintiff, in mid-August 2021, a third-party criminal actor illegally accessed T-Mobile's systems containing personally identifiable information (PII) for many T-Mobile's customers, including Plaintiff. *Id.* ¶ 2. Plaintiff alleges two claims and seeks compensatory damages, statutory damages under the CCPA, an order "instructing Defendant to purchase or provide funds for adequate credit monitoring services for Plaintiff and all class members," an award of "equitable and public injunctive relief," and attorneys' fees. *See id.* pp. 13–14. Plaintiff alleges those claims on his own behalf and on behalf of "[a]ll T-Mobile customers, prospective customers and past customers who reside in California and whose PII was accessed or otherwise compromised in the Data Breach,

which, according to press releases issued by T-Mobile, occurred on or about August 13, 2021." *Id.* ¶ 34.

4.     Plaintiff filed his original complaint on August 19, 2021 but never served T-Mobile. Plaintiff filed an amended complaint on September 20, 2021 and served T-Mobile on October 22, 2021. In accordance with 28 U.S.C. § 1446(a), T-Mobile has attached as Exhibit A true and correct copies of the summons and the amended complaint. T-Mobile has also attached copies of all other process, pleadings, or orders that Plaintiff served on T-Mobile in the state-court case (Exhibit B), the original complaint which Plaintiff did not serve on T-Mobile (Exhibit C), and the state-court docket (Exhibit D).

## GROUNDS FOR REMOVAL

5.     The Court has original subject-matter jurisdiction under CAFA because of the case's size, the amount of damages Plaintiff's complaint puts in controversy, and the parties' diversity. CAFA provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Section 1332(d)(5) also provides that CAFA jurisdiction extends to class actions in which there are at least 100 putative class members. *See id.* § 1332(d)(5)(B). This case satisfies those requirements.

I.     **THIS CASE IS A CLASS ACTION WITH MORE THAN 100 PUTATIVE CLASS MEMBERS.**

6.     Under CAFA, a "class action" is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff alleges that "[t]his is a class action brought pursuant to California Civil Code § 382" and that the putative class includes "[a]ll T-Mobile customers, prospective customers and past customers who reside in California and whose PII was accessed or otherwise compromised in the Data Breach. . . ." Ex. A, Am. Compl. ¶¶ 9, 34. That fits CAFA's definition of a putative class action. *See* 28 U.S.C. § 1332(d)(1)(B).

7. Plaintiff alleges there are "at least . . . thousands" of putative class members and that "Class Members are readily identifiable from information and records maintained by T-Mobile." Ex. A, Am. Compl. ¶ 35. Therefore, based on Plaintiff's own allegations, there are more than 100 putative class members in the alleged class, which satisfies CAFA's requirement that the putative class include more than 100 members.

## II.     THERE IS MORE THAN $5 MILLION IN CONTROVERSY.

8. The "matter in controversy" also exceeds $5 million, exclusive of interest and costs. *Cf.* 28 U.S.C. § 1332(d)(2). "[T]he amount in controversy is the *amount at stake* in the underlying litigation." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (citation omitted, emphasis in original). The "amount at stake" does "not mean likely or probable liability; rather, it refers to possible liability." *Id.*; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("amount at stake" includes "any result of the litigation, excluding interests and costs, that entails a payment by the defendant").

9. The complaint does not state an amount in controversy, so this notice must contain only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89; *see also Greene*, 965 F.3d at 772; *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1227–1228 (9th Cir. 2019) (district court should not place on removing party "a burden to prove its jurisdictional allegations in response to [a] facial challenge"); *Porras v. Sprouts Farmers Mkt., LLC*, No. EDCV 16-1005 JGB (KKx), 2016 U.S. Dist. LEXIS 96805, at *3 (C.D. Cal. July 25, 2016) ("Evidence establishing the amount in controversy is only required when the plaintiff contests, or the court questions, the defendant's allegation.").

10. T-Mobile denies all liability on Plaintiff's claims, denies that Plaintiff could ever recover damages, and denies that a court could ever certify a class under Federal Rule of Civil Procedure 23. But accepting Plaintiff's allegations are true—for removal purposes only—his putative class claims put more than $5 million, exclusive of interest and costs, in controversy.

11. For example, on Plaintiff's first claim—for alleged violation of the CCPA—he "seeks to recover statutory damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per Class Member per incident." Ex. A, Am. Compl. ¶ 49; *see*

3

*also* Cal. Civ. Code § 1798.150(a)(1)(A) (CCPA authorizes statutory damages up to $750 per putative class member or actual damages, whichever is higher). T-Mobile has reviewed its records and determined that there are more than 55,000 California residents (and citizens) whose information was involved in the cyberattack that gives rise to Plaintiff's claims, which means that the putative class includes more than 55,000 members. *See also* Ex. A, Am. Compl. ¶ 35 (Plaintiff's alleging that "Class Members are readily identifiable from information and records maintained by T-Mobile."). If we assume that the putative class includes only 55,000 members, that Plaintiff and the putative class members prevailed on their CCPA claim, and that each putative class member received the statutory minimum of $100, then that would amount to $5.5 million in alleged damages, exclusive of interests and costs. That amount would also increase if each putative class member received more than $100. Either way, Plaintiff's CCPA claim puts the amount in controversy above $5 million, exclusive of interest and costs.

12. And that is only one type of claimed relief. Plaintiff also seeks an order requiring T-Mobile to "purchase or provide adequate credit monitoring services for Plaintiff and all Class Members" (which could cost millions of dollars under Plaintiff's theory), an injunction requiring T-Mobile to implement more security measures (which could potentially amount to millions of dollars under Plaintiff's theory), and attorneys' fees (which could likewise amount to millions of dollars for complex class-action litigation). Ex. A, Am. Compl. pp. 13–14. Those requests for relief also increase the increase the amount in controversy beyond the threshold. *Cf. Dart Cherokee*, 574 U.S. at 89 (notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

13. Since mid-August 2021, other plaintiffs have also filed putative class actions against T-Mobile in federal court concerning the same set of facts. Many of those plaintiffs have invoked the courts' jurisdiction under CAFA, representing that the amount in controversy for those cases exceeds $5 million, exclusive of interest and costs. *See, e.g.*, Dkt. 1, Compl. ¶ 13, *Veera Daruwalla v. T-Mobile USA, Inc.*, Case No. 2:21-cv-01118 (W.D. Wash. Aug. 19, 2021) ("This Court has jurisdiction over this action under the Class Action Fairness Act ('CAFA'), 28 U.S.C. § 1332(d), because the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs");

Dkt. 1, Compl. ¶ 11, *Randall Norris vs. T-Mobile USA, Inc.*, Case No. 2:21-cv-01153-JLR (W.D. Wash. Aug. 26, 2021) (same); Dkt. 1, Compl. ¶ 25, *Akins v. T-Mobile USA, Inc.*, Case No. 2:21-cv-01179 (W.D. Wash. Aug. 31, 2021) (same). The same is true here.

### III.   MINIMAL DIVERSITY EXISTS.

14.   There is also minimal diversity under CAFA because at least one plaintiff is a citizen of a different state than one defendant. *See* 28 U.S.C. § 1332(d)(2)(a).

15.   Plaintiff is a citizen of California, and he was a citizen of that state when he filed his amended complaint. *See* Ex. A, Am. Compl. ¶ 6.

16.   T-Mobile is incorporated in Delaware and has its principal place of business in Washington, so it is a citizen of Delaware and Washington (and was a citizen of both states when Plaintiff filed his amended complaint).[1] *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010); *see also* 28 U.S.C. § 1332(c)(1) (for diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .").

17.   Because at least one member of the putative class (Plaintiff) is a citizen of California, and because T-Mobile is a citizen of Delaware and Washington, CAFA's minimal-diversity requirement is met—both at the time that Plaintiff filed his complaint and on the day that T-Mobile files this notice of removal.[2]

### IV.   T-MOBILE HAS SATISFIED ALL OTHER REQUIREMENTS.

18.   T-Mobile has also satisfied all other requirements for removal under 28 U.S.C. § 1446.

19.   *Venue*. Venue is proper because Plaintiff filed the complaint in San Francisco County and because this Court sits in the federal judicial district embracing that county. *See* 28 U.S.C. §§ 1391, 1441(a), 1446(a); *id.* § 84(a).

20.   *Timeliness.* T-Mobile was served with the summons and amended complaint on

---

[1] T-Mobile is not a governmental entity. *Cf.* 28 U.S.C. § 1332(d)(5).

[2] None of the exceptions to CAFA applies here, but in any event, the burden is on Plaintiff to prove that one of CAFA's exception applies. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003).

October 22, 2021 (and Plaintiff never served the original complaint on T-Mobile). T-Mobile has filed this notice within 30 days of being served with the summons and amended complaint, so this notice is timely under 28 U.S.C. § 1446(b)'s 30-day deadline.

21. ***Notice to adverse parties and state court.*** In accordance with 28 U.S.C. § 1446(d), T-Mobile will promptly serve copies of this notice on Plaintiff's counsel and will file the notice with the clerk for the San Francisco County Superior Court.

22. ***Consent.*** T-Mobile is the only defendant. Moreover, under CAFA, a class action "may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b).

23. ***Other matters.*** If Plaintiff opposes removal, then T-Mobile asks for the opportunity to submit briefing, argument, and additional evidence to show why removal is proper. T-Mobile also reserves the right to amend or supplement this notice. By filing this notice, T-Mobile does not waive or relinquish its right to assert any defense or objection to the complaint.

## CONCLUSION

The Court has subject-matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

Dated:  November 19, 2021

Stuart Plunkett (State Bar No. 187971)
Kathryn Christopherson (State Bar No. 322289)
**ALSTON & BIRD LLP**
560 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000
Facsimile: (415) 243-1001
stuart.plunkett@alston.com
kathryn.christopherson@alston.com

By:   */s/ Kathryn Christopherson*
          Kathryn Christopherson

Attorneys for Defendant T-Mobile USA, Inc.