*ECF DOCUMENT*
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Missouri.

Date Filed: 1/31/2022     Paige A. Wymore-Wynn, Clerk
By: _Kumh Houston_     Deputy Clerk

## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: T-MOBILE CUSTOMER DATA
SECURITY BREACH LITIGATION                    MDL No. 3019

## TRANSFER ORDER

**Before the Panel**: Plaintiff in the action listed on Schedule A (*Achermann*) action moves under Panel Rule 7.1 to vacate our order that conditionally transferred *Achermann* to the Western District of Missouri for inclusion in MDL No. 3019. Defendant T-Mobile USA, Inc., opposes the motion.

In support of his motion to vacate, plaintiff argues that federal subject matter jurisdiction over *Achermann* is lacking and that his pending motion for remand to state court should be decided before transfer. We are not persuaded by these arguments. The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[1] *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").

Therefore, after considering the argument of counsel, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 3019, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. In our order centralizing this litigation, we held that the Western District of Missouri was an appropriate Section 1407 forum for actions sharing factual questions arising from an alleged data security breach of T-Mobile's systems that was discovered in August 2021 and allegedly compromised the personal information of approximately 54 million current, former, and prospective customers of T-Mobile. *See In re T-Mobile Customer Data Sec. Breach Litig.*, MDL No. 3019, __ F. Supp. 3d __, 2021 WL 5872977, at *1 (J.P.M.L. Dec. 3, 2021). Plaintiff in *Achermann*, like plaintiffs in the MDL, seeks to represent a putative class of T-Mobile customers whose personal information allegedly was compromised by the data breach. Common factual questions in *Achermann* and the actions in the MDL will include: T-Mobile's data security practices and whether those practices met industry standards; how the malfeasants obtained access to T-Mobile's system; the extent of the personal information

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

- 2 -

affected by the breach; when T-Mobile knew or should have known of the breach; and T-Mobile's investigation into the breach.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Brian C. Wimes for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: T-MOBILE CUSTOMER DATA**
**SECURITY BREACH LITIGATION** MDL No. 3019

## SCHEDULE A

<u>Northern District of California</u>

ACHERMANN v. T−MOBILE USA, INC., C.A. No. 3:21−08995